# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1885.

CASE 72—REVENUE, DELAY—January 25, 1885.

## Parringin v. Pickens, &c.

APPEAL FROM CLINTON CIRCUIT COURT.

A sheriff neglected to collect taxes owned by Bristow on land more than five years. In the meantime the land was sold to appellees at commissioner's sale for purchase money.

*Held*—The sheriff's sale to Snow for the taxes is void· on account of the officer's delay in attempting to enforce the lien for taxes. He waived his right, and is now estopped to assert it against appellees.

SANDIDGE & CRADDOCK and J. A. BRENT for appellant.

The sale by Bristow of the land can not defeat a claim for taxes. (Gen· Stat., chapter 92, article 1, section 2; *Ib.*, article 9, section 11. page 739.)

T. C. WINFREY and JAMES GARNETT for appellees.

Both the sheriff and the purchaser under the sale for taxes knew that Bristow had left the State. If Parringin ever had any lien on the land, he lost it long before he made his levy.

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

Appellees brought this suit against appellant and one Snow, to quiet title to a piece of land held by appellees under a commissioner's deed, and claimed by Snow as purchaser at a tax sale. Appellant, formerly sheriff of the county, claimed that one Bristow had not paid his

VOL. LXXXII.—29

taxes, while appellant was sheriff, for the years 1875, 1876, 1877 and 1878, and that in February, 1882, he levied upon and sold the land in controversy, to satisfy these taxes, for which he had become responsible while sheriff, and that Snow had become the purchaser for $181, and a certificate of said sale and purchase having been recorded, Snow became the owner of the land.

Bristow was the owner of the land, but failing to pay in whole therefor, the lien for the purchase money was enforced, and appellees became the purchasers under decretal sale, received a commissioner's deed, in June, 1881, and took possession of the land, then worth some $300, and immediately proceeded to expend large sums of money in erecting a mill thereon.

In October, 1879, Bristow removed from the State, carrying with him visible personal property, such as horses, wagons, etc., to the value of some $3,000, and leaving in the State and county other real estate.

The taxes were not assessed against the property in controversy, except to the amount of about $5.40.

Appellant knew of Bristow's intention to leave the State ; knew of the sale of this land to appellees and of the improvements they were erecting, but asserted no claim for taxes until more than two years after Bristow left the State, nor until some eighteen months after the purchase and the taking of possession of the land by appellees. Appellees were ignorant of the existence of any claim for taxes, until asserted by sale of the property.

Appellant made no effort to enforce collection of the taxes until about five years after the expiration of his term of office as sheriff, during which time he had the

same power of collection as the State had during his term, and before he became responsible therefor. But his claim against the property of Bristow, for the taxes, was like that of any other individual holding a lien, with the exception of the extraordinary facilities for collection, by levy and sale. Such a claim, like any other, can be waived, as against an innocent purchaser for value.

By delaying the assertion of claim, by standing by and seeing the land purchased and improved, without notification of claim, when, during all these years, he might have made the taxes out of other property of Bristow which was in lien therefor, appellant has waived his right and is now estopped to assert it against appellees.

It is unnecessary to discuss the evidence as to the payment of the taxes by Bristow, as relied upon, as the view herein expressed authorized the judgment of the court below quieting appellees' title.

Judgment affirmed.

---

CASE 73—JUDGMENT, JURISDICTION—JANUARY 31, 1885.